FILED
SEPTEMBER 10, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER RUPPERT, | ) | |
|    Plaintiff, | ) | |
| vs. | ) | Case No. 07 C 3343 |
| | ) | |
| | ) | Judge Pallmeyer |
| Chicago Police Officers | ) | |
| VINCENT TORRES (Star # 9532), | ) | |
| And KENT PEMBERTON (Star # 10535), | ) | Magistrate Judge Keys |
|    Defendants. | ) | |

### FIRST AMENDED COMPLAINT

**NOW COMES** the plaintiff, ALEXANDER RUPPERT (hereinafter "Ruppert"), by and through his attorneys, BRENDAN SHILLER, JON ERICKSON, and MICHAEL OPPENHEIMER, complaining of the Defendants, Chicago Police Officers V. TORRES, No. 9532, K. PEMBERTON, No. 10535, and The CITY OF CHICAGO, and states as follows:

### Introduction

1. This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under color of law of Ruppert's rights as secured by the Constitution of the United States of America.

2. Specifically, as a result of police misconduct and abuse more fully described below, Ruppert alleges that Defendants, acting under the color of law, engaged in a hate crime by unlawfully battering and assaulting Ruppert with excessive force.

### Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367.

1

4. Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**Parties**

5. Plaintiff Ruppert resides at 4448 N. Malden Street, Chicago, Illinois 60640.

6. Defendant Chicago Police Officers are all employees of the Chicago Police Department and acted under their authority as duly appointed police officers in the Chicago Police Department at all relevant times.

7. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was the employer of Torres and Pemberton.

**Background Facts**

8. On the evening of March 5, 2006, at approximately 10:30 p.m., Ruppert, a gay man with HIV/AIDS who weighs about 120 pounds went to the Uptown Lounge, near Lawrence and Broadway in Chicago.

9. Wearing a pink shirt, Ruppert arrived at the lounge and ordered a drink. Shortly after Ruppert arrived, Defendants, Officers Torres and Pemberton, arrived at the lounge, and asked Ruppert to step outside with them and Ruppert complied with Defendants' request.

10. Defendants then escorted Ruppert from the premises for reasons unknown to Ruppert. Ruppert was not placed under arrest, but was placed in the back of Defendants' squad car—un-cuffed and unrestrained. While in the back of the car,

Ruppert received a phone call from his life-partner, who was at home, about five blocks away.

11. Ruppert had a phone conversation with his partner. The call was disconnected, and Ruppert's partner called back. Ruppert answered this second call but did not speak. A few seconds after the call was connected, his partner could hear the officers using various derogatory terms in reference to Ruppert, then the phone shut off.

12. After telling Ruppert to shut off the phone, Defendants drove Ruppert around the corner, and about a block north on Broadway Street.

13. At this time, the defendants stopped the squad car and pulled Ruppert from the car by his hair, while cursing at Ruppert and making vulgar comments referring to his sexual orientation.

14. During this time, the defendants beat Ruppert about his face and head with their fists, causing wounds and bleeding. Defendants continued to viciously beat Ruppert while calling him various names.

15. Defendants then threw Ruppert back into the back of the squad car, again un-cuffed, apparently with the intention of dropping him off. Just before Ruppert was tossed out of the car, he pleaded for medical attention because he was HIV-positive.

16. Only after Ruppert revealed his HIV positive status did one of the officers call an ambulance which took Ruppert to Weiss Memorial Hospital, were Ruppert received sixteen (16) stitches under his left eye and treatment for a wound on the

back of his head. The beating also resulted in multiple facial bruises, and multiple lacerations and abrasions throughout Ruppert's face and body.

17. While Ruppert was at the hospital two detectives came by and questioned him, and he explained that the officers' beating of him was motivated by his sexual orientation.

18. At this point, in an apparent attempt to cover-up the vicious beating administered to Ruppert, Defendant Officers swore out various false police reports as well as false complaints resulting in various felony charges against Ruppert including multiple counts of aggravated battery against police officers. One injury reported by the officers was to the knuckle of the hand that the officer made into a fist to attack Ruppert. Both Defendants are large men weighing more than twice what Ruppert weighs.

19. After receiving treatment, Ruppert was taken to the 20th District Chicago Police station and held for more than two days without food or water before being transferred to Cook County Jail at 26th and California. While in 20th District lock-up, in order to survive and quench his thirst, Ruppert drank the water from the toilet.

20. Ruppert remained at Cook County Jail for an additional eight days until March 15, 2006 when Ruppert was released on a $50,000 bond.

21. The felony charges against Ruppert were dropped in May of 2007.

## COUNT I

### (LIABILITY UNDER 42 U.S.C. § 1983)
### (VIOLATION OF FOURTH AMENDMENT)

22. Ruppert realleges and reincorporates paragraphs 1 through 21.

4

23. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

24. The Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that the right of the people to be secure in their persons against unreasonable searches and seizures shall not be violated.

25. Defendant Officers seized Ruppert by terminating his freedom of movement through means including, *inter alia*, giving him directive orders, detaining him, ordering him into a squad car, and/or taking him to a place where they could inflict injuries upon his person. These means were intentionally applied by Defendants while acting under color of state law.

26. As a result of Defendant Officers' actions, Ruppert was not permitted or able to leave.

27. Defendant Officers used objectively unreasonable force in seizing Ruppert.

28. Defendant Officers' actions took place prior to a judicial determination of probable cause.

29. As a result of Defendant Officers' unreasonable seizure, Ruppert sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of Defendant Officers' unreasonable seizure, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

30. By subjecting Ruppert to an unreasonable seizure, Defendant Ofrficers' deprived Ruppert of his rights under the Fourth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

31. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT II
### (LIABILITY UNDER 42 U.S.C. § 1983)
### (DENIAL OF DUE PROCESS—EXCESSIVE FORCE)

32. Ruppert realleges and reincorporates paragraphs 1 through 21.

33. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

34. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

35. The Defendant Officers' inflicted physical violence upon Ruppert that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

36. When they inflicted physical violence upon Ruppert, Defendant Officers' were acting "under color of state law."

37. The actions of the Defendant Officers' in inflicting violence upon Ruppert were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Ruppert's rights, amounting to an abuse of power that shocks the conscience.

38. As a result of the excessive force inflicted by Defendant Officers, Ruppert sustained severe bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as severe injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Defendants, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

39. By inflicting excessive force upon Ruppert, Defendant Officers deprived Ruppert of liberty without due process of law in violation of Ruppert's rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

40. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT III

**(LIABILITY UNDER 42 U.S.C. § 1983)**
**(FAILURE TO PROTECT OR INTERVENE)**

41. Ruppert realleges and reincorporates all previous paragraphs.

42. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

43. Each Defendant Officer witnessed excessive and/or unreasonable force being used against Ruppert by the other Defendant Officer. Each Defendant Officer witnessed the infringement of Ruppert's constitutional rights – including the right to due process of law, the right to be free from unreasonable seizures, and right to

7

the equal protection of the laws guaranteed by the Fourteenth Amendment – being perpetrated by the other Defendant.

44. Each Defendant Officer had reason to know that excessive and/or unreasonable force was being used.

45. Each Defendant Officer had reason to know that Ruppert's constitutional rights – including the right to due process of law, the right to be free from unreasonable seizures, and right to the equal protection of the laws guaranteed by the Fourteenth Amendment – were being violated.

46. Each Defendant Officer had reason to know that Ruppert had been unjustifiably arrested, unjustifiably taken to a place where a law enforcement officer could inflict injuries upon his person, and/or unjustifiably punished.

47. Constitutional violations were committed in the presence of each Defendant Officer, and each Defendant Officer had a realistic opportunity to intervene to prevent the harm from occurring.

48. Each Defendant Officer failed to protect Ruppert and failed to intervene to prevent the infringement of Ruppert's constitutional violations.

49. The actions of the Defendant Officers were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Ruppert's safety and rights, amounting to an abuse of power that shocks the conscience.

50. As a result of each Defendant's failure to protect Ruppert or intervene, Ruppert sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past

and future psychological damage. As a result of each Defendant Officer's failure to protect or intervene, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

51. By failing to protect Ruppert or to intervene, each Defendant Officer deprived Ruppert of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

52. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT IV

### (LIABILITY UNDER 42 U.S.C. § 1983)
### (DENIAL OF EQUAL PROTECTION)

53. Ruppert realleges and reincorporates all previous paragraphs.

54. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

55. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny any person the equal protection of the laws.

56. Defendant Officers' actions as alleged herein were motivated by anti-gay animus. Prior to, and during, the actions as alleged herein, Defendant Officers repeatedly subjected Ruppert to anti-gay rhetoric and various anti-gay derogatory terms.

57. Defendant Officers were acting "under color of state law."

58. Defendant Officers purposefully singled out Ruppert for unequal treatment based on his perceived and/or actual sexual orientation.

59. Defendant Officers' actions do not serve any sufficient, legitimate government interest.

60. As a result of Defendant Officers' denial of equal protection, Ruppert sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result Defendant Officers' denial of equal protection, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

61. Defendant Officers deprived Ruppert of the equal protection of the laws in violation of Ruppert's rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

62. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

### COUNT V

### (LIABILITY UNDER 42 U.S.C. § 1983) (DENIAL OF DUE PROCESS—NEWSOME CLAIM)

63. Plaintiff realleges and reincorporates all previous paragraphs.

64. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

65. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

66. The individual Defendants' conduct violated plaintiff's right to due process.

67. Defendant officers conspired amongst themselves to write false police reports and false complaints and to misinform prosecutors of the basis for charges against Ruppert. In so doing, officers withheld exculpatory evidence and instituted criminal proceedings against Ruppert without a lawful basis, in violation of Ruppert's due process rights.

68. As a result of the ongoing false statements and false testimony, Ruppert was deprived of his liberty, forced to miss work to attend court dates, and forced to expend money on legal services.

69. As a result of Defendant Officers' violation of Ruppert's constitutional right to due process, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

70. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

## COUNT VI
## STATE BATTERY CLAIM

71. Plaintiff realleges and reincorporates all previous paragraphs.

72. Defendants did not have a reasonable basis for using any force, or, the amount of force used.

73. Without the consent of Plaintiff, Defendants intentionally, harmfully, and offensively touched Plaintiff by beating him with fists about his body, head, face and eye.

74. The defendant's conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

11

75. Wherefore, Plaintiff demands judgment for actual, compensatory, and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VII

## STATE ASSAULT CLAIM

76. Plaintiff realleges and reincorporates all previous paragraphs.

77. Acting under color of law, Defendants denied Plaintiff's constitutional rights by assaulting him.

78. Plaintiff is a reasonable person who complied with Defendant officers' requests.

79. Any reasonable person would also have become apprehensive in the face of defendants' physical attack on the Plaintiff.

80. The defendant's conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

81. Wherefore, because Defendants created an apprehension of immediate physical harm, Plaintiff requests actual, compensatory and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VII

## STATE MALICIOUS PROSECUTION CLAIM

82. Plaintiff incorporates and realleges all previous paragraphs.

83. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of a criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

84. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

85. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

86. The Criminal Proceedings were terminated in Plaintiff's favor in May of 2007.

87. Plaintiff was injured, including emotional and physical damage, lost wages, legal fees, traumas, humiliation, loss of liberty, mental distress and anguish

88. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, and other such relief as the Court deems just and appropriate.

## COUNT VIII

## RESPONDEAT SUPERIOR

89. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

90. In committing the acts alleged in Count VI-VIII, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

91. Defendant City of Chicago is the employer of the Defendant Officers.

92. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

93. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

94. Wherefore, Plaintiff demands judgment against Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

## COUNT IX

### 42 U.S.C. Section 1983 *Monell* Claim

95. Plaintiff reallege and incorporate all of the allegations in the preceding paragraphs.

96. The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

97. Among the de facto policies of the municipality and its agents were:

    a. The failure to properly investigation allegations of police misconduct.

    b. The failure to have a system which monitors patterns of alleged police misconduct.

    c. The failure to properly discipline sustained allegations of police misconduct.

    d. The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force and false arrest.

14

    e. The failure to properly hire, train, monitor, and/or supervise officers.

    f. A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of prsons, despite their obligation under Department regulations to do so.  This conduct included police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

    g. The failure to properly train officers on sexual-orientation sensitivity; and to properly ensure that officers do not have animus towards citizens based on their sexual orientation.

98. The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, and its subsidiary departments, Office of Professional Standards, and Internal Affairs Division, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

99. WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendant City of Chicago, and that the Plaintiffs be awarded compensatory damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

| | |
|---|---|
| /s/ Brendan Shiller /s/ | /s/ Jon Erickson /s/ |
| Brendan Shiller | Jon Erickson |
| | |
| Brendan Shiller | Jon Erickson |
| Shiller, Rossiter & Company, LLC | Erickson & Oppenheimer |
| 36 S. Wabash, Suite 1310 | 1051 W. Belmont |
| Chicago, IL 60603 | Chicago, IL 60657 |
| 312-332-6462 | 773-875-4646 |
| ARDC: 6279789 | ARDC: 6205277 |

**CERTIFICATE OF SERVICE**

I, Brendan Shiller, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **FIRST AMENDED COMPLAINT** to be sent via U.S. First Class Mail to:

Alec McAusland
City of Chicago
Department of Law
30 N LaSalle, Suite 1400
Chicago IL 60602

By: _____
Brendan Shiller
Law Office of Brendan Shiller, LLC
36 S Wabash Ave., Suite 1310
Chicago IL 60603