**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER RUPPERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 3343 |
| | ) | |
| Chicago Police Officers | ) | Judge Pallmeyer |
| VINCENT TORRES (Star # 9532), | ) | |
| And KENT PEMBERTON (Star # 10535), | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS TORRES AND PEMBERTON AND THE CITY'S ANSWER**
**TO THE FIRST AMENDED COMPLAINT**

Defendants Vincent Torres and Kent Pemberton ("Torres and Pemberton"), by their

attorney, Alec M. McAusland, Senior Asst. Corporation Counsel, and the City of Chicago, by its

attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, submit the following

answer, affirmative defenses and jury demand in response to plaintiff's First Amended

Complaint.

### Introduction

1. This is a civil action brought pursuant to 42 U.S.C. Sections 1981 and 1983 to redress deprivation under color of law of Ruppert's rights as secured by the Constitution of the United States of America.

**ANSWER:** The defendants admit the allegations of paragraph 1.

2. Specifically, as a result of police misconduct and abuse more fully described below, Ruppert alleges that Defendants, acting under the color of law, engaged in a hate crime by unlawfully battering and assaulting Ruppert with excessive force. Jurisdiction and Venue.

**ANSWER:**     The defendants admit that plaintiff alleges what he alleges, but deny Torres and

Pemberton committed any of the wrongful acts alleged.


3.     This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and
1367.

**ANSWER:**     The defendants admit the jurisdictional allegations of paragraph 3.


4.     Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all
occurred in the Northern District of Illinois. All parties to the case reside within
the Northern District of Illinois.

**ANSWER:**     The defendants admit venue is proper in this court.


## Parties

5.     Plaintiff Ruppert resides at 4448 N. Malden Street, Chicago, Illinois 60640.

**ANSWER:**     The defendants admit, on information and belief, the allegation of paragraph 5.


6.     Defendant Chicago Police Officers are all employees of the Chicago Police
Department and acted under their authority as duly appointed police officers in
the Chicago Police Department at all relevant times.

**ANSWER:**     The defendants admit the allegations of paragraph 6.


7.     Defendant City of Chicago is a municipal corporation organized under the laws of
the State of Illinois. It is responsible for the policies, procedures, and practices
implemented through its various agencies, agents, departments, and employees,
and for injury occasioned thereby. It was the employer of Torres and Pemberton.

**ANSWER:**     The defendants admit the allegations of paragraph 7.


## Background Facts

2

8.      On the evening of March 5, 2006, at approximately 10:30 p.m., Ruppert, a gay man with HIV/AIDS who weighs about 120 pounds went to the Uptown Lounge, near Lawrence and Broadway in Chicago.

**ANSWER:**      The defendants are without knowledge or information sufficient to form a belief as to whether plaintiff has HIV/AIDS. The defendants deny plaintiff weighed 120 pounds at the time of his arrest. The defendants admit the remaining allegations of paragraph 8.

9.      Wearing a pink shirt, Ruppert arrived at the lounge and ordered a drink. Shortly after Ruppert arrived, Defendants, Officers Torres and Pemberton, arrived at the lounge, and asked Ruppert to step outside with them and Ruppert complied with Defendants' request.

**ANSWER:**      The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether plaintiff ordered a drink at the Uptown Lounge. The defendants deny they entered the Uptown Lounge, or that they asked plaintiff to step outside with them. The defendants admit the remaining allegations of paragraph 9.

10.      Defendants then escorted Ruppert from the premises for reasons unknown to Ruppert. Ruppert was not placed under arrest, but was placed in the back of Defendants' squad car—un-cuffed and unrestrained. While in the back of the car, Ruppert received a phone call from his life-partner, who was at home, about five blocks away.

**ANSWER:**      The defendants admit Torres and Pemberton escorted plaintiff away from the front of the Uptown Lounge, and admit Torres and Pemberton did so in their police squadrol, and admit that plaintiff was not cuffed or otherwise restrained. The defendants deny Torres and Pemberton were driving a squad car. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 10.

3

11.    Ruppert had a phone conversation with his partner.  The call was disconnected, and Ruppert's partner called back.  Ruppert answered this second call but did not speak.  A few seconds after the call was connected, his partner could hear the officers using various derogatory terms in reference to Ruppert, then the phone shut off.

**ANSWER:**    The defendants deny Torres & Pemberton made derogatory references to plaintiff

at the time alleged.  The defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations of paragraph 11.

12.    After telling Ruppert to shut off the phone, Defendants drove Ruppert around the corner, and about a block north on Broadway Street.

**ANSWER:**    The defendants deny the allegations of paragraph 12.

13.    At this time, the defendants stopped the squad car and pulled Ruppert from the car by his hair, while cursing at Ruppert and making vulgar comments referring to his sexual orientation.

**ANSWER:**    The defendants deny the allegations of paragraph 13.

14.    During this time, the defendants beat Ruppert about his face and head with their fists, causing wounds and bleeding.  Defendants continued to viciously beat Ruppert while calling him various names.

**ANSWER:**    The defendants deny the allegations of paragraph 14.

15.    Defendants then threw Ruppert back into the back of the squad car, again un-cuffed, apparently with the intention of dropping him off.  Just before Ruppert was tossed out of the car, he pleaded for medical attention because he was HIV-positive.

**ANSWER:**    The defendants deny the allegations of paragraph 15.

16.    Only after Ruppert revealed his HIV positive status did one of the officers call an ambulance which took Ruppert to Weiss Memorial Hospital, were Ruppert

4

received sixteen (16) stitches under his left eye and treatment for a wound on the back of his head. The beating also resulted in multiple facial bruises, and multiple lacerations and abrasions throughout Ruppert's face and body.

**ANSWER:**     The defendants deny plaintiff revealed his HIV positive status. The defendants admit that plaintiff had an injury to his face, but are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the remaining allegations of paragraph 16.

17.     While Ruppert was at the hospital two detectives came by and questioned him, and he explained that the officers' beating of him was motivated by his sexual orientation.

**ANSWER:**     The defendants admit detectives questioned plaintiff. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 17.

18.     At this point, in an apparent attempt to cover-up the vicious beating administered to Ruppert, Defendant Officers swore out various false police reports as well as false complaints resulting in various felony charges against Ruppert including multiple counts of aggravated battery against police officers. One injury reported by the officers was to the knuckle of the hand that the officer made into a fist to attack Ruppert. Both Defendants are large men weighing more than twice what Ruppert weighs.

**ANSWER:**     The defendants admit Torres and Pemberton prepared police reports, filed complaints of aggravated battery against plaintiff and that Pemberton reported an injury to his hand. The defendants deny the police reports or the charges were false, and deny that the injury to Pemberton's hand was the result of his making a fist to attack plaintiff. The defendants deny that either Torres or Pemberton weighs more than twice what plaintiff weighed at the time.

5

19.     After receiving treatment, Ruppert was taken to the 20th District Chicago Police station and held for more than two days without food or water before being transferred to Cook County Jail at 26th and California.  While in 20th District lock-up, in order to survive and quench his thirst, Ruppert drank the water from the toilet.

**ANSWER:**     The defendants admit that plaintiff was taken to the 20th District police station. The defendants deny, on information and belief, that plaintiff was held for more than two days. The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 19.

20.     Ruppert remained at Cook County Jail for an additional eight days until March 15, 2006 when Ruppert was released on a $50,000 bond.

**ANSWER:**     The defendants admit plaintiff was released on bond.  The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 20.

21.     The felony charges against Ruppert were dropped in May of 2007.

**ANSWER:**     The defendants admit that the felony charges against plaintiff were dismissed in May of 2007, but deny that all charges were dismissed against plaintiff.

### COUNT I (LIABILITY UNDER 42 U.S.C. § 1983)
### (VIOLATION OF FOURTH AMENDMENT)

22.     Ruppert realleges and reincorporates paragraphs 1 through 21.

**ANSWER:**     The defendants reallege their answers to paragraphs 1-21 as their answer to paragraph 22.

6

23. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER:** The defendants admit that paragraph 23 characterizes 42 U.S.C. § 1983 correctly.

24. The Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that the right of the people to be secure in their persons against unreasonable searches and seizures shall not be violated.

**ANSWER:** The defendants admit paragraph 24 characterizes 42 U.S.C. § 1983 correctly.

25. Defendant Officers seized Ruppert by terminating his freedom of movement through means including, inter alia, giving him directive orders, detaining him, ordering him into a squad car, and/or taking him to a place where they could inflict injuries upon his person. These means were intentionally applied by Defendants while acting under color of state law.

**ANSWER:** The defendants admit Torres and Pemberton placed plaintiff into their police squadrol and relocated him a short distance from the Uptown Lounge, and that Torres and Pemberton were acting under color of law. The defendants deny the remaining allegations of paragraph 25.

26. As a result of Defendant Officers' actions, Ruppert was not permitted or able to leave.

**ANSWER:** The defendants deny the allegations of paragraph 26 insofar as they apply to plaintiff before he was handcuffed; The defendants admit that plaintiff was seized after he was handcuffed.

27. Defendant Officers used objectively unreasonable force in seizing Ruppert.

**ANSWER:** The defendants deny the allegations of paragraph 27.

7

28.    Defendant Officers' actions took place prior to a judicial determination of probable cause.

**ANSWER:**    The defendants deny, consistent with their foregoing answers, that Torres and Pemberton committed the actions alleged.  The defendants admit the remaining allegation of paragraph 28.

29.    As a result of Defendant Officers' unreasonable seizure, Ruppert sustained bodily injuries in the form of, inter alia, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as injuries in the form of, inter alia, mental and emotional pain and suffering, humiliation, and past and future psychological damage.  As a result of Defendant Officers' unreasonable seizure, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

**ANSWER:**    The defendants admit plaintiff was injured at the time of his arrest.  The defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of injury, except that the defendants admit plaintiff had a cut on his face. The defendants deny the remaining allegations of paragraph 29.

30.    By subjecting Ruppert to an unreasonable seizure, Defendant Officers' deprived Ruppert of his rights under the Fourth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

**ANSWER:**    The defendants deny the allegations of paragraph 30.

31.    Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

**ANSWER:**    Wherefore, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Count I, with fees and costs and with such other relief as this Honorable Court deems just.

## COUNT II (LIABILITY UNDER 42 U.S.C. § 1983)
## (DENIAL OF DUE PROCESS—EXCESSIVE FORCE)

32.     Ruppert realleges and reincorporates paragraphs 1 through 21.

**ANSWER:**     The defendants reallege their answers to paragraphs 1-21 as their answer to

paragraph 32.


33.     Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives
another person of his federal constitutional rights is liable to the injured party.

**ANSWER:**     The defendants admit that paragraph 23 characterizes 42 U.S.C. § 1983

correctly.


34.     The Fourteenth Amendment to the United States Constitution, enforceable
pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of
life, liberty, or property, without due process of law.

**ANSWER:**     The defendants admit the allegations of paragraph 34.


35.     The Defendant Officers' inflicted physical violence upon Ruppert that was
excessive, unnecessary, unreasonable, and grossly disproportionate to the need for
action under the circumstances.

**ANSWER:**     The defendants deny the allegations of paragraph 35.


36      When they inflicted physical violence upon Ruppert, Defendant Officers' were
acting "under color of state law."

**ANSWER:**     The defendants deny Torres and Pemberton inflicted physical violence upon

plaintiff.  The defendants admit Torres and Pemberton were acting under color of law at all times

during their encounter with plaintiff.

9

37.     The actions of the Defendant Officers' in inflicting violence upon Ruppert were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Ruppert's rights, amounting to an abuse of power that shocks the conscience.

**ANSWER:**     The defendants deny the allegations of paragraph 37.

38.     As a result of the excessive force inflicted by Defendant Officers, Ruppert sustained severe bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as severe injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of the excessive force inflicted by Defendants, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

**ANSWER:**     The defendants deny the allegations of paragraph 38.

39.     By inflicting excessive force upon Ruppert, Defendant Officers deprived Ruppert of liberty without due process of law in violation of Ruppert's rights under the Fourteenth Amendment to the U.S. Constitution. Defendants are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

**ANSWER:**     The defendants deny the allegations of paragraph 39.

40.     Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

**ANSWER:**     Wherefore, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Count II, with fees and costs and with such other relief as this Honorable Court deems just.

### COUNT III
### (LIABILITY UNDER 42 U.S.C. § 1983)
### (FAILURE TO PROTECT OR INTERVENE)

41.     Ruppert realleges and reincorporates all previous paragraphs.

10

**ANSWER:**    The defendants reallege their answers to all preceding paragraphs as their answer

to paragraph 41.

     42.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives
another person of his federal constitutional rights is liable to the injured party.

**ANSWER:**    The defendants admit that paragraph 43 characterizes 42 U.S.C. § 1983

correctly.

     43.    Each Defendant Officer witnessed excessive and/or unreasonable force being used
against Ruppert by the other Defendant Officer. Each Defendant Officer witnessed
the infringement of Ruppert's constitutional rights – including the right to due
process of law, the right to be free from unreasonable seizures, and right to the
equal protection of the laws guaranteed by the Fourteenth Amendment – being
perpetrated by the other Defendant.

**ANSWER:**    The defendants deny the allegations of paragraph 43.

     44.    Each Defendant Officer had reason to know that excessive and/or unreasonable
force was being used.

**ANSWER:**    The defendants deny the allegations of paragraph 44.

     45.    Each Defendant Officer had reason to know that Ruppert's constitutional rights –
including the right to due process of law, the right to be free from unreasonable
seizures, and right to the equal protection of the laws guaranteed by the Fourteenth
Amendment – were being violated.

**ANSWER:**    The defendants deny the allegations of paragraph 45.

     46.    Each Defendant Officer had reason to know that Ruppert had been unjustifiably
arrested, unjustifiably taken to a place where a law enforcement officer could
inflict injuries upon his person, and/or unjustifiably punished.

**ANSWER:**    The defendants deny the allegations of paragraph 46.

47. Constitutional violations were committed in the presence of each Defendant Officer, and each Defendant Officer had a realistic opportunity to intervene to prevent the harm from occurring.

**ANSWER:**    The defendants deny the allegations of paragraph 47.

48. Each Defendant Officer failed to protect Ruppert and failed to intervene to prevent the infringement of Ruppert's constitutional violations.

**ANSWER:**    The defendants deny the allegations of paragraph 48.

49. The actions of the Defendant Officers were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Ruppert's safety and rights, amounting to an abuse of power that shocks the conscience.

**ANSWER:**    The defendants deny the allegations of paragraph 49.

50. As a result of each Defendant's failure to protect Ruppert or intervene, Ruppert sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of each Defendant Officer's failure to protect or intervene, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

**ANSWER:**    The defendants deny the allegations of paragraph 50.

51. By failing to protect Ruppert or to intervene, each Defendant Officer deprived Ruppert of his rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Ruppert under 42 U.S.C. § 1983.

**ANSWER:**    The defendants deny the allegations of paragraph 51.

52. Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

**ANSWER:**    Wherefore, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Count III, with fees and costs and with such other relief as this Honorable Court deems just.

## COUNT IV
## (LIABILITY UNDER 42 U.S.C. § 1983)
## (DENIAL OF EQUAL PROTECTION)

53.    Ruppert realleges and reincorporates all previous paragraphs.

**ANSWER:**    The defendants reallege their answers to all preceding paragraphs as their answer to paragraph 53.

54.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER:**    The defendants admit that paragraph 54 characterizes 42 U.S.C. § 1983 correctly.

55.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny any person the equal protection of the laws.

**ANSWER:**    The defendants admit the allegation of paragraph 55.

56.    Defendant Officers' actions as alleged herein were motivated by anti-gay animus. Prior to, and during, the actions as alleged herein, Defendant Officers repeatedly subjected Ruppert to anti-gay rhetoric and various anti-gay derogatory terms.

**ANSWER:**    The defendants deny the allegations of paragraph 56.

57.    Defendant Officers were acting "under color of state law."

13

**ANSWER:**      The defendants admit Torres and Pemberton were acting under color of law

throughout their encounter with plaintiff.

    58.    Defendant Officers purposefully singled out Ruppert for unequal treatment based on his perceived and/or actual sexual orientation.

**ANSWER:**      The defendants deny the allegations of paragraph 58.

    59.    Defendant Officers' actions do not serve any sufficient, legitimate government interest.

**ANSWER:**      The defendants deny that the allegations of paragraph 59.

    60.    As a result of Defendant Officers' denial of equal protection, Ruppert sustained bodily injuries in the form of, *inter alia*, multiple bruises, lacerations, abrasions, sixteen stitches, and an open head wound, as well as injuries in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result Defendant Officers' denial of equal protection, Ruppert also lost wages and incurred medical expenses, costs and attorneys' fees.

**ANSWER:**      The defendants deny the allegations of paragraph 60.

    61.    Defendant Officers deprived Ruppert of the equal protection of the laws in violation of Ruppert's rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Ruppert under 42 U.S.C.§ 1983.

**ANSWER:**      The defendants deny the allegations of paragraph 61.

    62    Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

**ANSWER:**      Wherefore, the defendants respectfully pray that this Honorable Court enter

judgement in their favor on Count IV, with fees and costs, and with such other relief as this

Honorable Court deems just.

**COUNT V**
**(LIABILITY UNDER 42 U.S.C. § 1983)**
**(DENIAL OF DUE PROCESS—NEWSOME CLAIM)**

63. Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**     The defendants reallege their answers to all preceding paragraphs as their answer to paragraph 64.

64.     Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER:**     The defendants admit that paragraph 64 characterizes 42 U.S.C. § 1983 correctly.

65.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law.

**ANSWER:**     The defendants admit the allegations of paragraph 65.

66.     The individual Defendants' conduct violated plaintiff's right to due process.

**ANSWER:**     The defendants deny the allegations of paragraph 66.

67.     Defendant officers conspired amongst themselves to write false police reports and false complaints and to misinform prosecutors of the basis for charges against Ruppert. In so doing, officers withheld exculpatory evidence and instituted criminal proceedings against Ruppert without a lawful basis, in violation of Ruppert's due process rights.

**ANSWER:**     The defendants deny the allegations of paragraph 67.

68.     As a result of the ongoing false statements and false testimony, Ruppert was deprived of his liberty, forced to miss work to attend court dates, and forced to expend money on legal services.

**ANSWER:**     The defendants deny the allegations of paragraph 68.

69.     As a result of Defendant Officers' violation of Ruppert's constitutional right to due process, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss wages damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**ANSWER:**     The defendants deny the allegations of paragraph 69.

70.     Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

**ANSWER:**     Wherefore, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Count V, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT VI
## STATE BATTERY CLAIM

The defendants make no answer to Count VI, as that claim has been dismissed.

## COUNT VII
## STATE ASSAULT CLAIM

The defendants make no answer to Count VII, as that claim has been dismissed.

## COUNT VII
## STATE MALICIOUS PROSECUTION CLAIM

82.     Plaintiff incorporates and realleges all previous paragraphs.

16

**ANSWER:**      The defendants reallege their answers to all preceding paragraphs as their answer

to paragraph 82.

83.     The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of a criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

**ANSWER:**      The defendants admit Torres and Pemberton cause criminal charges to be filed

and prosecuted against plaintiff.  The defendants deny the remaining allegations of paragraph 83.

84.     The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony under oath.

**ANSWER:**      The defendants deny the allegations of paragraph 84.

85.     Plaintiff was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

**ANSWER:**      The defendants deny the allegations of paragraph 85.

86.     The Criminal Proceedings were terminated in Plaintiff's favor in May of 2007.

**ANSWER:**      The defendants deny the allegations of paragraph 86.

87.     Plaintiff was injured, including emotional and physical damage, lost wages, legal fees, traumas, humiliation, loss of liberty, mental distress and anguish

**ANSWER:**      The defendants deny the allegations of paragraph 87.

88.     WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, and other such relief as the Court deems just and appropriate.

**ANSWER:** Wherefore, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Count VII, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT VIII
## RESPONDEAT SUPERIOR

89.     Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** The defendants reallege their answers to all preceding paragraphs as their answer to paragraph 89.

90.     In committing the acts alleged in Count VI-VIII, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** The defendants admit the allegations of paragraph 90.

91.     Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER:** The defendants admit the allegations of paragraph 91.

92.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER:** The defendants admit the allegations of paragraph 92.

93.     As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER:** The defendants deny the allegations of paragraph 93.

94      Wherefore, Plaintiff demands judgment against Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

**ANSWER:**  Wherefore, the defendants respectfully pray that this Honorable Court enter

judgment in their favor on Count VIII, with fees and costs, and with such other relief as this

Honorable Court deems just.

## COUNT IX
### 42 U.S.C. Section 1983 *Monell* Claim

95.     Plaintiff reallege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER:**      The defendants reallege their answers to all preceding paragraphs as their answer

to paragraph 41.

96.     The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

**ANSWER:**      The defendants, consistent with their foregoing answers, deny the actions alleged

above, and deny Torres and Pemberton committed any such actions pursuant to a custom, policy

or practice of the City or any of its subdivisions.

97.     Among the de facto policies of the municipality and its agents were:
    a.      The failure to properly investigation allegations of police misconduct.
    b.      The failure to have a system which monitors patterns of alleged police misconduct.
    c.      The failure to properly discipline sustained allegations of police misconduct.

19

      d.      The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force and false arrest.

      e.      The failure to properly hire, train, monitor, and/or supervise officers.

      f.      A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of prsons, despite their obligation under Department regulations to do so. This conduct included police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

      g.      The failure to properly train officers on sexual-orientation sensitivity; and to properly ensure that officers do not have animus towards citizens based on their sexual orientation.

**ANSWER:**    The defendants deny the allegations of paragraph 97.

98.    The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, and its subsidiary departments, Office of Professional Standards, and Internal Affairs Division, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

**ANSWER:**    The defendants deny the allegations of paragraph 98.

99.    WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendant City of Chicago, and that the Plaintiffs be awarded compensatory damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

**ANSWER**:    Wherefore, the defendants respectfully pray that this Honorable Court enter judgment in their favor on Count IX, with fees and costs, and with such other relief as this Honorable Court deems just.

## AFFIRMATIVE DEFENSES

1.    At all times during the events alleged in Plaintiff's complaint, a reasonable police

officer in the position of Torres and Pemberton could have believed that his conduct was

objectively reasonable and within constitutional limits that were clearly established at the time. Thus, Torres and Pemberton are entitled to qualified immunity for their actions.

2.      Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton.  Id. at § 2-202.  Torres and Pemberton complained of actions were not wilful or wanton.

**JURY DEMAND**

The defendants respectfully demand this case be tried by jury.

Respectfully submitted,

    /s/ *Alec M. McAusland*
ALEC M. McAUSLAND
Senior Asst. Corporation Counsel

30 North LaSalle, #1400
Chicago, Illinois 60602
(312) 744-4038
Attorney No. 06202724

**I, ALEC M. McAUSLAND, AN ATTORNEY,** do hereby certify that I have caused this to be served upon all represented parties via the CM/ECF electronic filing system this ___ day of _____, ____.

21
